IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RHH LLC dba DILLON FURNITURE GROUP,<br><br>        Plaintiff,<br>v.<br><br>INNISFREE HOTELS, INC.,<br><br>        Defendant. | Case No. 1:19-cv-1184<br><br>COMPLAINT |

Plaintiff RHH LLC dba Dillon Furniture Group (hereinafter "DFG"), complaining of Defendant Innisfree Hotels, Inc. (hereinafter "Innisfree"), alleges and says that:

**NATURE OF THE ACTION**

1. On or about August 1, 2017, Innisfree submitted an order to DFG for, among other items, 180 dresser units, which consisted of 7 GF-319s (Streamline Unit) and 173 GF-320s (Streamline Unit with Microwave).

2. DFG fulfilled the order, which was delivered for use at the Hampton Inn Pensacola Beach, Florida.

3. Subsequently, refrigerators, supplied by a third party, leaked and damaged the Units.

4. The Units would have been damaged due to the leaking refrigerators regardless of how the Units were constructed. However, Defendant Innisfree alleges that the Units contained defects.

5. DFG disagrees, and seeks a declaration from the Court that it is under no obligation to replace all of the defective units and modify the remaining units.

**PARTIES**

6. Plaintiff RHH LLC dba Dillon Furniture Group is a limited liability

1

company organized and existing under the laws of the State of North Carolina, with a principal office and place of business in Greensboro, Guilford County, North Carolina.

7. Upon information and belief, Defendant Innisfree Hotels, Inc. is a corporation organized under the laws of Florida, and owns or manages properties throughout the United States, including at least one property located in Greensboro, Guilford County, North Carolina.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is an action between citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c).

## FACTS

10. DFG fulfilled an order submitted by Innisfree on or about August 1, 2017, by providing, among other items, 180 dresser units, which consisted of 7 GF-319s (Streamline Unit) and 173 GF-320s (Streamline Unit with Microwave) (collectively, the "Units"). The order was delivered for use at the Hampton Inn Pensacola Beach, Florida. The cost of the order was $473,75950 plus freight charges.

11. Subsequently, refrigerators, supplied by a third party, leaked and damaged the Units.

12. The Units would have been damaged due to the leaking refrigerators regardless of how the Units were constructed.

13. However, Defendant Innisfree alleges that the Units contained defects resulting from DFG's "use of inappropriate materials and a failure to comply with product submittal specifications," which somehow it alleges is the actual cause of the damage it

2

has incurred.

14. Innisfree approved the shop drawings that were followed for the above-referenced order. The approved shop drawings do not require high pressure laminate (HPL) to be used in the interior – only finish to match. "Solicor Designer White" is not available in Vietnam, so DFG used the Asia match to the standard Designer White HPL. This was permissible, acceptable, and were explicitly approved by Innisfree.

15. Indeed, these drawings were approved by Innisfree's designer, and DFG manufactured the furniture to match. These were also the same drawings that were submitted for other Hampton projects in which these parties engaged, and were similarly approved in the past.

16. In a letter dated October 28, 2019 (the "Demand Letter"), Innisfree, through its legal counsel, demanded that DFG replace all of the defective Units and modify all of the other Units.

17. Specifically, Innisfree asserts that DFG has failed to fulfill obligations that Innisfree alleges DFG has under the agreement(s) between the parties and applicable law.

18. Innisfree makes clear, in the Demand Letter, that it intends to pursue legal remedies if DFG does not meet its demands.

19. DFG, for its part, disagrees that any of the product supplied to Innisfree was defective.

## COUNT I

## DECLARATORY JUDGMENT

20. Plaintiff realleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 19 above.

21. Defendant contends that Plaintiff owes Innisfree an obligation to replace

all of the defective Units and modify all of the other Units.

22. Plaintiff disputes that it owes Defendant any such obligation.

23. Defendant has set forth its position in the Demand Letter, making clear that based on Plaintiff's position, it intends to pursue legal remedies against Plaintiff.

24. By virtue of the foregoing, including Defendant's explicit threats contained in its Demand Letter, there now exists an actual, justiciable controversy of sufficient immediacy between the parties relating to their respective legal rights, duties, and obligations, which controversy is ripe for adjudication.

25. Declaratory relief will resolve the legal issues between the parties pertaining to the enforceability of the Agreement.

26. Plaintiff therefore requests a judicial declaration that Plaintiff owes no obligation to Defendant to replace all of the defective Units and modify all of the other Units.

WHEREFORE, Plaintiff prays that:

1. The Court declare that Plaintiff owes no obligation to Defendant to replace all of the defective Units and modify all of the other Units; and

2. The Court award such other and further relief to Plaintiff as the Court deems just and proper.

This the 4th day of December, 2019.

>/s/ Ryan S. Luft
> Ryan S. Luft (N.C. Bar No. 35717)
> Ryan S. Luft, PLLC
> *Attorney for Plaintiff*
> 3125 Kathleen Ave. #116
> Greensboro, North Carolina 27408
> (336) 638-1789
> ryan@luftlaw.com