IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RHH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:19cv1184 |
| | ) |
| INNISFREE HOTELS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

RHH LLC ("Plaintiff") initiated this action against Innisfree Hotels, Inc. ("Defendant"), seeking a declaratory judgment concerning Plaintiff's obligations under a contract. (Docket Entry 3 (the "Complaint"), ¶¶ 21-26.) More specifically, the Complaint alleges that "[Plaintiff] fulfilled an order submitted by [Defendant] on or about August 1, 2017, by providing, among other items, 180 dresser units," which, upon their delivery, housed refrigerators at one of Defendant's properties, a Hampton Inn in Florida. (Id., ¶¶ 10-11.) According to the Complaint, those "refrigerators, supplied by a third party, leaked and damaged the [u]nits." (Id., ¶ 11.) The Complaint further alleges that (i) the leaking refrigerators would have damaged the units regardless of the units' construction (id., ¶ 12), (ii) Defendant has sought to hold Plaintiff responsible for the damage on the theory that Plaintiff "fail[ed] to comply with product submittal specifications" for the units (id., ¶ 13), and (iii) Defendant, to that end, sent Plaintiff two demand letters (id., ¶¶ 16-18).

Accordingly, the Complaint "requests a judicial declaration that Plaintiff owes no obligation to Defendant to replace all of the defective [u]nits and modify all of the other [u]nits." (Id., ¶ 26.)

As the basis for federal subject-matter jurisdiction, the Complaint alleges that complete diversity of citizenship exists between the parties. (Id., ¶ 8 (citing 28 U.S.C. § 1332(a)(1)).) In particular, the Complaint states that "Plaintiff . . . is a limited liability company organized and existing under the laws of the State of North Carolina, with a principal office and place of business in Greensboro, Guilford County, North Carolina" and that, "[u]pon information and belief, Defendant . . . is a corporation organized under the laws of Florida, and owns or manages properties throughout the United States, including at least one property located in Greensboro, Guilford County, North Carolina." (Id., ¶¶ 6-7.) However, as concerns Plaintiff's citizenship for purposes of diversity-based subject-matter jurisdiction, "[a] limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." General Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004) (internal citation omitted). The

Complaint does not reveal the citizenship of any of Plaintiff's members.  (See Docket Entry 3, ¶¶ 1-26.)

**IT IS THEREFORE ORDERED** that Plaintiff, by March 15, 2021, either move for leave to file an amended complaint alleging facts adequate to show diversity jurisdiction or file a memorandum of no more than 10 pages explaining why the existing complaint adequately alleges such facts, with any response of no more than 10 pages due by March 19, 2021, and any reply of no more than five pages due by March 23, 2021.

This 9th day of March, 2021.

                                        /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                              **United States Magistrate Judge**